UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN B. TURNER,

    Plaintiff,

    v.

SUSIE LARSEN, et al.,

    Defendants.

_____/

No. C 11-6191 PJH

**ORDER DENYING MOTION TO VACATE JUDGMENT, AND GRANTING MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL**

    Plaintiff Stephen B. Turner filed the complaint in this case on December 9, 2011, alleging both federal and state law claims. Also on December 9, 2011, he filed an application to proceed in forma pauperis ("IFP"). On April 19, 2012, the court dismissed the federal claims pursuant to 28 U.S.C. § 1915, with prejudice, and declined to hear the state law claims. Judgment was entered, also on April 19, 2012.

    On June 28, 2012, plaintiff filed a motion under Federal Rule of Civil Procedure 60, seeking to vacate the judgment. Plaintiff requests that the court review the complaint "de novo," arguing that "the judgment is void because it is erroneously predicated on a 42 U.S.C. § 1893 action when in fact the complaint is actually based on 28 U.S.C. §§ 1331 and 1333." In the alternative, he requests that the court allow him to file a notice of appeal.

    As an initial matter, the court finds no basis for vacating the judgment, and the Rule 60 motion is therefore DENIED. Sections 1331 and 1333 are statutes relating to federal court jurisdiction, and do not provide a substantive basis for any cause of action. The existence of a cause of action is conceptually distinct from the presence of jurisdiction. Molina v. Richardson, 578 F.2d 846, 849-50 (9th Cir. 1978). Because plaintiff alleged

1  federal constitutional claims of violation of due process, the court properly interpreted the
2  claims as arising under 42 U.S.C. § 1983.

3        Section 1983, while in itself not a source of substantive rights, provides a cause of
4  action for the vindication of federal rights elsewhere conferred. Graham v. Connor, 490
5  U.S. 386, 393-94 (1989). Section 1983 was enacted to "give a remedy to parties deprived
6  of constitutional rights, privileges and immunities by an official's abuse of his position,"
7  Monroe v. Pape, 365 U.S. 167, 172 (1961) – that is, to provide a remedy against individual
8  officials who violate constitutional rights.

9        Thus, the only question is whether the time to file a notice of appeal should be
10 reopened. Plaintiff claims that he was held at John George Psychiatric Hospital, heavily
11 medicated, from April 11 to April 13, 2012, and that he was held in the Alameda County Jail
12 (Santa Rita) on a parole violation from April 13 to June 20, 2012. He asserts that he did
13 not receive the order and judgment until he got out of jail. He also contends that "equitable
14 tolling" should apply to permit him to file a late notice of appeal, because he was unable to
15 continue to prosecute his lawsuit while he was in jail (even though he claims he did not
16 know about the dismissal). The court interprets this as a request to extend the time for
17 filing a notice of appeal.

18       Federal Rule of Appellate Procedure 4(a)(1)(A) states that, in a civil case, a notice of
19 appeal "must be filed with the district clerk within 30 days after the judgment of the order
20 appealed from." Fed. R. App. P. 4(a)(1)(A). The court may extend the time for filing an
21 appeal under Rule 4(a)(5) upon a motion filed "no later than 30 days" after the time for filing
22 the notice has expired, and upon a showing of "excusable neglect or good cause." Fed. R.
23 App. P. 4(a)(5)(A). "No extension under . . . Rule 4(a)(5) may exceed 30 days after the
24 prescribed time . . . ." Fed. R. App. P. 4(a)(5)(C). Here, more than 30 days have elapsed
25 since the judgment was entered, and plaintiff's request for an extension was not filed within
26 those 30 days. Thus, there is no basis under Rule 4(a)(5) for granting plaintiff an
27 extension.

28       Under Rule 4(a)(6), however, the district court may reopen the time to file an appeal

for a period of 14 days from the date the order to reopen is issued, if the court finds the following – that the moving party did not receive notice of the entry of the judgment or order sought to be appealed within 21 days of the date of entry; and that the motion to reopen is filed within 180 days after the judgment is entered, or within 14 days after the moving party receives notice of the entry of the judgment or order, whichever is earlier; and that no party would be prejudiced.  Fed. R. App. P. 4(a)(6).

      Here, the second two requirements are met, because fewer than 180 days have passed since the date the judgment was entered, and there is no indication that any party would be prejudiced.  (Indeed, it appears that defendants have not been served.)  Thus, the only question is whether plaintiff received notice of the entry of judgment within 21 days of the date it was entered.  Copies of the order of dismissal and the judgment were mailed to plaintiff's address of record on April 20, 2012, at which point, according to plaintiff, he was in custody.  Plaintiff states that he did not receive notice of the entry of judgment until after he was released from custody on June 20, 2012, which is more than 21 days after the date of entry of judgment.

      Accordingly, the court GRANTS the motion to reopen the time to file a notice of appeal.  Any notice of appeal must be filed on or before July 19, 2012, which includes the 14 days allowable under Rule 4(a)(6), plus the three days allowable under Federal Rule of Civil Procedure 6(d).  In addition, the court cautions plaintiff that he is required to keep the court informed of his current address.  See Civ. L.R. 3-11.

**IT IS SO ORDERED.**

Dated: July 2, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

3